Rex Wayne BELL, Plaintiff–Appellant,

v.

STARBUCKS U.S. BRANDS CORPO-
RATION and Starbucks Corpora-
tion, Defendants–Appellees.

No. 05–41480.

United States Court of Appeals,
Fifth Circuit.

Nov. 10, 2006.

John S. Egbert, Harrison & Egbert,
Houston, TX, for Plaintiff–Appellant.

Marc Louis Delflache, Fulbright & Ja-
worski, Houston, TX, John C. Rawls, Ful-
bright & Jaworski, Los Angeles, CA, for
Defendants–Appellees.

Before GARWOOD, DENNIS, and
OWEN, Circuit Judges.

PER CURIAM: *

Rex Wayne Bell, owner of a business
selling beer under the "Star Bock Beer"
label in Galveston, appeals the decision of
the district court finding trademark in-
fringement of the Starbucks mark and is-
suing an injunction prohibiting the broader
use of "Star Bock Beer" outside of Galves-
ton or outside the context of Bell's weekly
musical events.

Bell contends that because the district
court found that his distinctive logo did not
infringe on the Starbucks mark, the in-
junctive relief which included restrictions
on the use of the logo was inappropriate.
The district court did find infringement as
to the "Star Bock Beer" name, however,
and once infringement has been found a
district court may proscribe related activi-
ties that might have been legally permissi-
ble standing on their own. *Kentucky
Fried Chicken Corp. v. Diversified Pack-
aging Corp.*, 549 F.2d 368, 390 (5th Cir.
1977). Bell additionally argues that dilu-
tion and confusion causes of action are
mutually exclusive and cannot be sup-
ported by the same evidence. He provides
only secondary authority for this conten-
tion, and courts to consider the question
have rejected this theory. *See James
Burrough, Ltd. v. Sign of Beefeater, Inc.*,
540 F.2d 266, 274 n. 16 (7th Cir.1976).
The district court's decision was not clear-
ly erroneous. *Kentucky Fried Chicken*,
549 F.2d at 382. The judgment of the
district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.